**In re Petition for DISCIPLINARY ACTION AGAINST Charles CLAYTON, an Attorney at Law of the State of Minnesota.**

No. C4–00–1009.

Supreme Court of Minnesota.

July 13, 2000.

---

## ORDER

The Director of the Office of Lawyers Professional Responsibility has filed a petition for disciplinary action alleging that respondent Charles Clayton, has committed professional misconduct warranting public discipline, namely, that respondent represented a client on a contingent fee basis without a written retainer agreement, failed to diligently pursue the client's representation, failed to respond to reasonable requests for information, failed to commence a lawsuit as instructed by his client, and made misrepresentations about the status of the case to his client, in violation of Minn. R. Prof. Conduct 1.5(c), 1.3, 1.4, 1.2 and 8.4(c).

Respondent admits his conduct violated the Rules of Professional Conduct, waives his rights pursuant to Rule 14, Rules on Lawyers Professional Responsibility (RLPR), and has entered into a stipulation with the Director wherein they jointly recommend that the appropriate discipline is a 60–day suspension followed by two years of supervised probation subject to the following conditions:

(1) Respondent shall pass the professional responsibility portion of the state bar examination within one year of the date of this court's order;

(2) The reinstatement hearing provided for in Rule 18, RLPR, is waived;

(3) Respondent shall comply with Rule 26, RLPR;

(4) Respondent shall be reinstated to the practice of law following the expiration of his suspension provided that, at least 15 days before the expiration of the suspension period, respondent files an affidavit with the Clerk of Appellate Courts and the Director's Office establishing that respondent is current with Continuing Legal Education requirements, has fully complied with Rules 24 and 26, RLPR, and has satisfactorily completed all other conditions imposed by the court in its decision;

(5) Upon respondent's reinstatement to the practice of law, he shall be placed on supervised probation for a period of two years, subject to the following terms:

(a) Respondent shall cooperate fully with the Director's Office in its efforts to monitor compliance with this probation and promptly respond to the Director's correspondence by the due date. Respondent shall cooperate with the Director's investigation of any allegations of unprofessional conduct which may come to the Director's attention. Upon the Director's request, respondent shall provide authorization for release of information and documentation to verify compliance with the terms of this probation.

(b) Respondent shall abide by the Minnesota Rules of Professional Conduct.

(c) Respondent shall be supervised by a licensed Minnesota attorney, appointed by the Director to monitor compliance with the terms of this probation. Respondent shall provide to the Director the names of four attorneys who have agreed to be nominated as respondent's supervisor within two weeks after respondent is reinstated to the practice of law. If, after diligent effort, respondent is unable to locate a supervisor acceptable to the Director, the Director will seek to appoint a supervisor. Until a supervisor has signed a consent to supervise, the respondent shall on the first day of each month provide the Director with an inventory of active client files described in paragraph d. below. Re-

spondent shall make active client files available to the Director upon request.

(d) Respondent shall cooperate fully with the supervisor in his/her efforts to monitor compliance with this probation. Respondent shall contact the supervisor and schedule a minimum of one in-person meeting per calendar quarter. Respondent shall submit to the supervisor an inventory of all active client files by the first day of each month during the probation. With respect to each active file, the inventory shall disclose the client name, type of representation, date opened, most recent activity, next anticipated action, and anticipated closing date. Respondent's supervisor shall file written reports with the Director at least quarterly, or at such more frequent intervals as may reasonably be requested by the Director.

(e) Respondent shall initiate and maintain office procedures which ensure that there are prompt responses to correspondence, telephone calls, and other important communications from clients, courts and other persons interested in matters which respondent is handling, and which will ensure that respondent regularly reviews each and every file and completes legal matters on a timely basis.

(f) If at any time during the period of probation, after giving respondent an opportunity to be heard by the Director, the Director concludes that respondent has violated the conditions of the probation or engaged in further misconduct, the Director may file a petition for disciplinary action against respondent in the Minnesota Supreme Court without the necessity of submitting the matter to a Panel or Panel Chair. Respondent waives the right to such consideration by the Panel or Panel Chair.

This court has independently reviewed the file and approves the jointly-recommended disposition.

IT IS HEREBY ORDERED that respondent Charles Clayton, is suspended from the practice of law for 60 days and placed on two years of supervised probation, subject to the reinstatement and probation conditions jointly agreed to and stated above. Respondent is further ordered to pay $900 in costs pursuant to Rule 24, RLPR.

BY THE COURT:
Alan C. Page
Associate Justice